IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PELT ET AL. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 8:22-cv-00429-PX |
| v. | * | |
| | * | |
| UNITED STATES DEPARTMENT | * | |
| OF HOMELAND SECURITY ET AL., | * | |
| | * | |
| Defendants. | * | |
| | * | |

***

## MEMORANDUM OPINION

Pending before the Court is the motion to stay this case until the resolution of an interlocutory appeal filed by Defendant Prince George's County, Maryland ("the County"). ECF No. 33. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is denied.

### I.    Background

This action arises out of the criminal investigation of Ronald Pelt's participation in an alleged fraud scheme. Amended Complaint ¶ 17, *Pelt et al. v. Md. Dep't of State Police et al.*, No. 8:22-cv-00690-PX, at ECF No. 11. Plaintiff Don Pelt is Ronald Pelt's brother. Don Pelt resides with his wife, Jacqueline, and their daughter, Syria (together "the Pelts"). *Id.* ¶ 14. Even though Ronald did not live at the Pelt home, law enforcement had surveilled the home for several years. During that time, whenever officers requested to search the home, the Pelts always consented. *Id.* ¶¶ 23, 24.

In early 2019, law enforcement found a letter in the trash bin outside of the Pelt home that was addressed to an alias Ronald had been known to use. Based on this, Maryland State Trooper First Class Maldonado applied for a search warrant for the home as part of the fraud

investigation.  *Id.* ¶¶ 28, 29.  The District Court for Prince George's County issued the warrant. *Id.* ¶ 30.

At approximately 5:15 a.m. on February 22, 2019, law enforcement broke through the front door of the Pelt home to execute the warrant.  *Id.* ¶ 31.  Although Don Pelt offered to provide keys for interior doors to facilitate the search, the officers ignored him and proceeded to "kick down doors and set off the security alarms, break glass, and smash holes through the drywall."  *Id.* ¶¶ 36-40.  The Pelts were handcuffed on the couch while the officers inflicted upward of $10,000 in property damage.  *Id.* ¶¶ 32-35, 45.

On February 22, 2022, the Pelts filed suit in this Court against the Department of Homeland Security.  *See generally* ECF No. 1.  Because the Pelts could not ascertain the identities of all involved officers, they had also filed suit in the Circuit Court for Prince George's County against the Maryland Department of State Police and the County.  *Pelt et al. v. Md. Dep't of State Police et al.*, No. CAL22-03767 (Cir. Court Prince George's Cnty. filed Feb. 18, 2022). The County removed the state action to this Court.  Notice of Removal, *Pelt*, No. 8:22-cv-00690-PX, at ECF No. 1 (removed Mar. 21, 2022).  The Pelts next amended the removed action to add defendants John Doe Maryland State Police Troopers and John Doe Prince George's County Police Officers.  As to the County officers, the Amended Complaint brought claims for negligence (Count I), violations of the Fourth Amendment (Counts III & IV), and a statutory claim under 18 U.S.C. § 3109 (Count V).

All Defendants moved to dismiss the Amended Complaints.  The Court held a hearing on the motions and ultimately ruled from the bench, denying in part each motion.  ECF Nos. 28 & 29; *see also Pelt*, No. 22-cv-00690, at ECF No. 33 (Feb. 14, 2023).  As to the negligence claim, the County argued that the officers were entitled to public official immunity.  The Court

disagreed, concluding that the Amended Complaint, viewed most favorably to the Pelts, averred sufficient facts to make plausible that the officers had acted with gross negligence or malice, which took their conduct outside the protection of such immunity.  ECF No. 31 at 47-50.  Thus, the Court declined to dismiss the negligence claim on immunity grounds.  *Id.*

On March 13, 2023, the County noted an interlocutory appeal to contest this decision and moved for this Court to stay the action pending the resolution of the appeal.  ECF No. 33.

## II.    Discussion

The Court retains wide discretion on whether to stay proceedings.  *See Iko v. Galley*, No. DKC 2004-3731, 2008 WL 11494774, at *1 (D. Md. Feb. 26, 2008); *see also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'") (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)).  The Court must balance four factors in resolving the motion to stay:  "(1) whether the stay applicant has made a strong showing of a likelihood of success on the merits; (2) 'whether the applicant will be irreparably injured absent a stay'; (3) 'whether issuance of the stay will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'"  *Campbell v. Sims*, No. TDC-20-2590, 2021 WL 4342039, at *1 (D. Md. Sept. 23, 2021) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Each factor is addressed in turn.

### A.  Likelihood of Success on the Merits

Although the County believes itself likely to succeed on the question of immunity, ECF No. 33 at 5, it fails to address a more fundamental question:  whether an interlocutory appeal is proper in the first instance.  Courts of appeals are generally only vested with jurisdiction over

"final decisions of the district courts."  28 U.S.C. § 1291.  Although denial of dismissal to a merits challenge is not immediately appealable, the collateral order doctrine permits interlocutory appeal on questions of immunity where "the district court's refusal to rule on immunity was an explicit one, indicating that its decision was final," or an implicit refusal is "clear, establishing that the ruling is the court's final determination in the matter."  *D.C. v. Trump*, 959 F.3d 126, 130 (4th Cir. 2020) (en banc).  Thus, unless the Court issued a final determination on the question of immunity, interlocutory appeal is not proper.

   This Court's immunity decision was plainly *not* final.  The immunity question turned on whether the Amended Complaint plausibly averred that the County officers executed the search with gross negligence or malice, which would take them outside the protection of public official immunity.  But the Court also made clear that after discovery, the County may reassert—perhaps successfully—its immunity defense at summary judgment.  ECF No. 31 at 50.  *Cf. Krell v. Queen Anne's Cnty.*, No. JKB-18-0637, 2020 WL 416975, at *1-2 (D. Md. Jan. 27, 2020) (appealing post-discovery denial of immunity at the summary judgment stage).  The decision, in short, is capable of further review and so is not properly the subject of interlocutory appeal. *Accord Brown v. Reinhart*, 760 F. App'x 175, 178-80 (4th Cir. 2019); *see also Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 220 (4th Cir. 2012) (en banc) ("[E]ven a party whose assertion of immunity ultimately proves worthy must submit to the burdens of litigation until a court becomes sufficiently informed to rule.").

   As to the merits of the immunity question, the Court disagrees that the County will likely prevail even if permitted to pursue an interlocutory appeal.  ECF No. 33 at 5-6.  This is so because public official immunity does not reach acts committed with gross negligence or malice. *See Cooper v. Rodriguez*, 443 Md. 680, 714, 723 (2015).  The Amended Complaint averred that

County officers burst in on the Pelt residence unannounced, with guns drawn, in the early hours of the morning and proceeded to destroy the home, all in connection with a *fraud* investigation. Viewing these allegations most favorably to the Pelts, sufficient facts made plausible that the officers acted with gross negligence or malice in executing the warrant. ECF No. 31 at 49 ("There are sufficient facts pled to make plausible gross negligence or malice.").

The County has not put forward good grounds for upsetting the Court's decision. *See* ECF No. 33 at 5-6; *see also* Brief of Appellant at 14-17, *Pelt et al. v. Prince George's Cnty., Md.*, No. 23-1279 (4th Cir. Apr. 11, 2023). The County's only argument as to likelihood of success appears to be that the Pelts "failed to plead any facts" that would undermine immunity. ECF No. 33 at 5. But contrary to the County's contention, the Amended Complaint facts allowed the "reasonable inference" that that the officers acted with gross negligence or malice. *See Johnson v. Baltimore Police Dep't*, 452 F. Supp. 3d 283, 298 (D. Md. 2020). The County therefore has not made a "substantial case that it will succeed on the merits," nor raised "serious questions of law" that justify an interlocutory appeal. *Cf. Krell*, 2020 WL 416975, at *2 (internal quotations and citations omitted). This factor weighs against granting the stay.

### B. Irreparable Injury

On the second factor, the County solely argues that proceeding with discovery would constitute irreparable harm. ECF No. 33 at 6. Courts generally recognize that "public officials asserting an immunity defense should not be 'subjected to unnecessary and burdensome discovery or trial proceedings[.]'" *Nero v. Mosby*, No. MJG-16-1288, 2017 WL 1048259, at *2 (D. Md. Mar. 20, 2017) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). In *Nero*, however, the court concluded that "[t]he discovery contemplated . . . is not 'unnecessary,' nor

would it cause irreparable injury" because the defendant would still need to participate in discovery in the event of a successful appeal.  *Id.*

Although the County appeals the immunity question on behalf of itself and its officers, the appeal concerns only the viability of the negligence claim.  Brief of Appellant at 17, *Pelt*, No. 23-1279 (4th Cir. Apr. 11, 2023) ("[T]he district court erred by refusing to dismiss Count I as to Prince George's County, Maryland.").  Yet the Pelts also bring claims against the County officers in their individual capacities for Fourth Amendment violations pursuant to 42 U.S.C. § 1983.  ECF No. 30 ¶¶ 10, 66-78.  The officers, and by extension the County, will thus remain involved in the matter.  *Cf. Nero*, 2017 WL 1048259, at *2.  Moreover, all claims stem from the same alleged incident; accordingly, even if the denial of immunity visits an additional discovery burden on the County, it is minimal at best.  On balance, this factor does not support the requested stay.

### C.  Injury to Other Parties

On the third factor, the County argues that no "appreciable, let alone substantial, harm . . . will or potentially could result from the requested stay."  ECF No. 33 at 6.  But the obvious consequence of any stay "would be to delay the instant case for the duration of the pending appellate proceedings."  *Nero*, 2017 WL 1048259, at *2.  The stay would mean "an unnecessary delay in [the plaintiffs] gathering evidence" and "obtaining an adjudication (on summary judgment or by trial) of their claims."  *Id.*  An expeditious adjudication is especially important in this action where the Pelts allege that Defendants' conduct caused Jacqueline and Syria Pelt extreme medical and emotional distress that requires ongoing treatment.  ECF No. 30 ¶¶ 53-60.  This—in addition to the attendant difficulties with fading memories and disappearing evidence accompanying any long delay in proceedings—counsels against imposing a stay pending appeal.

6

### D.  Public Interest

Finally on the fourth factor, the County contends that resolving its immunity defense "as efficiently, expeditiously, and fairly as possible" serves the public interest.  ECF No. 33 at 7.  The Court takes no issue with that position.  But promptly addressing alleged police misconduct and overreach also serves the public interest.  *See Campbell*, 2021 WL 4342039, at *4 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)).  In this regard, this fourth factor is, at best, a wash.

### III.    Conclusion

When balancing the relevant factors, the Court must deny the request for stay.  The County has not convinced the Court that it is likely to succeed on the merits of the appeal, that its interests in finality eclipse the other competing interests in the case proceeding expeditiously, or that the County will suffer any irreparable harm absent a stay.  *Accord Nero*, 2017 WL 1048259, at *2-3; *see also Hill v. PeopleSoft USA, Inc.*, 341 F. Supp. 2d 559, 560 (D. Md. 2004) ("After considering the rather unique circumstances of the current case, the Court concludes that it would not be prudent to grant a blanket stay of *all* proceedings.").  Thus, the County's motion to stay is denied.  A separate Order follows.

May 15, 2023
Date

/S/
Paula Xinis
United States District Judge

7