**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JACQUELINE PELT, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. 8:22-cv-429-PX |
| v. | * | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | * | |
| Defendants. | | |
| | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Pending in this excessive force lawsuit is the motion for leave to amend the Consolidated

Complaint, or in the alternative, to extend the deadline for amendments and joinder filed by

Plaintiffs Jacqueline Pelt, Syria Pelt, and Don Carzell Pelt (collectively, "Plaintiffs" or the

"Pelts"). ECF No. 60. The issues are fully briefed, and no hearing is necessary. *See* D. Md.

Loc. R. 105.6. For the following reasons, the motion for leave to amend is granted.

**I.      Background**

This suit arises from the execution of a search warrant at Plaintiffs' home by law

enforcement officers from the Department of Homeland Security ("DHS"), the Maryland State

Police ("MSP"), and the Prince George's County Police Department (the "County"). *See* ECF

No. 30 ¶¶ 25–60. The Court has previously summarized the relevant factual and procedural

history and will repeat only that which is necessary to address this motion. *See Pelt v. U.S. Dep't*

*of Homeland Sec.*, No. 8:22-cv-00429-PX, 2023 WL 3453786, at *1 (D. Md. May 15, 2023).

According to the Consolidated Complaint, the Pelts cooperated for years with law

enforcement agencies in the investigation of Don Pelt's brother, Ronald Pelt. ECF No. 30 ¶¶ 18–

25. Nonetheless, officers from DHS, MSP and the County executed a needlessly destructive

search warrant related to Ronald on Plaintiffs' home, causing at least $10,000 in property damage, ongoing emotional distress, and physical injury.  *See id.* ¶¶ 25–60.

On February 22, 2022, Plaintiffs filed suit against DHS.  ECF No. 1.  Plaintiffs also sued the County and MSP in state court.  *Pelt v. Md. Dep't of State Police*, No. CAL22-03767 (Cir. Court Prince George's Cnty. filed Feb. 18, 2022).  After the County, with MSP's consent, removed the action to this Court, Plaintiffs amended the Complaints.  ECF No. 12; Amend. Compl., *Pelt*, No. 8:22-cv-00690-PX, at ECF No. 11.  In their Amended Complaint against MSP and the County, Plaintiffs added claims against ten "John Doe" individual defendants because the identities of the individual officers were not yet known to Plaintiffs.  *Pelt*, No. 8:22-cv-00690-PX, at ECF No. 11.  Defendants moved to dismiss the claims on a variety of grounds, and the Court granted partial relief and thereafter consolidated the cases.  ECF Nos. 28 & 29.  The Court also directed Plaintiffs to file one consolidated complaint that incorporated the Court's decision.  *Id.*

On March 6, 2023, Plaintiffs filed the Consolidated Complaint, bringing claims of negligence against all agency Defendants and the individual John Doe officers (Count I);[1] unreasonable search and seizure in violation of 42 U.S.C. § 1983 against all the individual John Doe officers (Count II), and unauthorized execution of a search warrant in violation of § 1983 against the individual John Doe officer from the County (Count III).  ECF No. 30 ¶¶ 61–78.  Thereafter, Defendants answered the Consolidated Complaint, *see* ECF Nos. 37, 44 & 47, and discovery ensued.  *See* ECF No. 77.

---

[1] On March 27, 2023, Plaintiff Don Pelt voluntarily dismissed his negligence claim against DHS.  *See* ECF Nos. 36 & 45.  Plaintiffs Jacqueline and Syria Pelt, however, maintain their respective negligence claims.  *See id.; see also ECF* No. 72 at 3.

Plaintiffs now seek leave to file an Amended Consolidated Complaint to add the names

of the John Doe officers who participated in obtaining and executing the warrant and whose

identities Plaintiffs learned during discovery.  *See* ECF No. 60 ¶ 3; ECF No. 60-2 ¶¶ 9–36.

Defendants opposed the motion on several grounds, prompting the Pelts to "revise" the proposed

Amended Consolidated Complaint twice more.  *See* ECF Nos. 72-2 & 73-1.  The most recent

revised Amended Consolidated Complaint drops all previously named DHS officers, thus

mooting any of DHS' arguments opposing amendment.  *See* ECF No. 73-1; *see also* ECF No. 73

at 1–3.  The revisions also clarify that the Pelts plead in Count I "gross negligence" as to all

Defendants.  *See* ECF No. 73-1 ¶¶ 70–76; *see also* ECF No. 72 at 7–8.  For clarity, the Court will

consider the most recent revised proposed Amended Consolidated Complaint as the pleading for

which the Pelts ask this Court for leave to file.  *See* ECF No. 73-1.

## II.     Standard of Review

Amendment of pleadings should be liberally granted when justice so requires.  *Ground

Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011); *see* Fed. R. Civ. P.

15(a)(2).  "[A] request to amend should only be denied if . . . 'the amendment would be

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

amendment would be futile.'"  *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674

F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*,

576 F.3d 172, 193 (4th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to

amend should be denied in the face of "undue delay, bad faith or dilatory motive on the part of

the movant").

A proposed amendment is futile when it "is clearly insufficient or frivolous on its face,"

and thus cannot survive a motion to dismiss.  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510

(4th Cir. 1986); *see also Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at \*3

(D. Md. July 27, 2018).  In assessing whether a claim is futile, the Court reviews the claim for

sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kerrigan v. Bd. of*

*Educ. of Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at \*3 (D. Md. Feb. 8, 2016).

**III.     Analysis**

In large measure, the proposed Amended Consolidated Complaint accomplishes one

goal—to replace the individual "John Doe" officers who participated in the alleged misconduct

with the actual officers whose identities were uncovered during discovery.  The factual

allegations otherwise remain unchanged, and so, the lion's share of Defendants' arguments—

previously raised and rejected—fare no better now.  Nonetheless, the Court will address each

argument in turn.

Defendants first argue that the claims against the individual officers are time barred

because Plaintiffs added them to suit well beyond the three-year limitations period.  ECF No. 62

at 13–20; ECF No. 63 at 2–5.  Plaintiffs do not dispute that they identified the officers after the

claims have accrued.  ECF No. 60 ¶ 3; ECF No. 71 at 7–11; *see* Md. Code Ann., Cts. & Jud.

Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues.");

*Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999).  But they

also rightly contend that the relation back doctrine applies such that the claims against the newly

identified officers relate back to the date of the original Complaint.

The relation-back doctrine, set forth Federal Rule of Civil Procedure 15(c)(1)(C),

provides that:

> An amendment to a pleading relates back to the date of the original pleading
> when:
>                 . . .

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C); *see also Goodman v. Praxair, Inc.,* 494 F.3d 458, 467 (4th Cir. 2007).

Defendants press that the adding of the individual officers cannot relate back to the original Complaint because the officers had "no notice of this action within the relevant limitation period," ECF No. 62 at 18, and Plaintiffs' inability to learn who the officers were "does not satisfy the mistake requirement of Rule 15(c)," ECF No. 63 at 4.  But the Court may presume the officers had such prior notice "when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).  That is this.  The original Complaint clearly placed the individual officers on notice at the time that they would be subject to suit.  The Complaint robustly pleaded that the individual officers all worked together to investigate, prepare, and execute the search warrant.  ECF No. 1 ¶¶ 25–42; Compl., *Pelt*, No. 8:22-cv-00690-PX, at ECF No. 3 ¶¶ 21–37.  From this, each Defendant agency would have to identify such officers and discuss with them the allegations to competently defend the case.  *Cf. McDaniel v. Maryland*, No. RDB-10-00189, 2010 WL 3260007, at *5 (D. Md. Aug. 18, 2010).  In short, Defendants had to place the individual officers on notice of the suit to proceed with the case.

As for mistake, the Fourth Circuit has made plain that the Court must not read the "mistake" requirement too restrictively; it is instead "textually limited" to "describing the notice that the new party had, requiring the new party have expected or should have expected, without the limitations period, that it was meant to be a named party in the first place." *Goodman*, 494 F.3d at 471; *see also Robinson v. Clipse*, 602 F.3d 605, 609–10 (4th Cir. 2010). Accordingly, Plaintiffs need not have "mistakenly" sued the wrong party where, as here, the suit itself provided notice to the individual officers joined after their identities were revealed in discovery. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." (emphasis in original)).

Last, nothing suggests that the newly added parties are prejudiced by joinder. To be sure, MSP highlights that the case was "already well into discovery," at the time when the officers were added. *See* ECF No. 62 at 19. But that is the very point: only through discovery could Plaintiffs learn the identities of the officers who executed the search. Without such discovery, Plaintiffs had no other way of learning who all the individual officers were, so that process alone cannot amount to "prejudice" defeating amendment. *Cf. Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("[D]elay alone . . . is an insufficient reason to deny the plaintiff's motion to amend."); *cf. Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (denial of amendment may be warranted after discovery closes or shortly before trial). Because the proposed claims against the individual officers relate back to the original Complaint, amendment is not futile as time barred.

6

Defendants next contend that as to Count I, the named officers enjoy common law public official immunity from suit because the claim does not plausibly aver that the Defendant officers acted with the requisite gross negligence or malice. ECF No. 62 at 6–7; ECF No. 63 at 5–6. Where public officials "perform negligent acts during the course of their discretionary (as opposed to ministerial) duties," they enjoy immunity from suit. *Houghton v. Forrest*, 412 Md. 578, 585 (2010). However, such protection does not extend to official acts committed with malice or gross negligence. *See Cooper v. Rodriguez*, 443 Md. 680, 712–14 (2015). The Court has previously rejected the identical arguments leveled against earlier iterations of the Complaints. *See* ECF No. 31 at 20–33, 39–41. Certainly, the proposed Amended Consolidated Complaint does not change the alleged facts; it merely swaps out the "John Does" for the actual officers who executed the search. Accordingly, for the same reasons previously articulated, the proposed Amended Consolidated Complaint makes plausible that the newly added Defendants acted with gross negligence or malice. ECF No. 31 at 48–49 ("When you execute a search warrant that sends one of the occupants whom you know and have had prior encounters to the hospital because of the nature of the conduct, again, in the light most favorable to the Plaintiff, that is, in my view, enough to satisfy gross negligence at this point."). The claim as to the identified officers is not futile.

As for the Fourth Amendment claims (Counts II and III), Defendants again rehash the same qualified immunity arguments previously rejected. *See* ECF No. 62 at 7–9; ECF No. 63 at 6–7. As the parties are well aware, qualified immunity is an affirmative defense to liability under § 1983 that should be resolved "at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, n.6 (1987). Qualified immunity applies where the officers' actions either did not violate the plaintiff's constitutional rights or where such violations were not

"clearly established at the time of the alleged misconduct." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (internal citation and quotation marks omitted). But again, the proposed Amended Consolidated Complaint changes *none* of the pertinent facts that supported this Court's prior decision to deny dismissal on qualified immunity. *Compare* ECF No. 30 ¶¶ 32–60, *with* ECF No. 73-1 ¶¶ 41–69. Mere substitution of identified officers for "John Doe" defendants in no way changes the analysis.

Perhaps the sole "new" argument in this respect bears separate mention. The County now argues, without support, that the County officer, Michael Trader, had been "merely present as an observer," and so, cannot be held to account for any constitutional claims. ECF No. 63 at 8. But the proposed Amended Consolidated Complaint avers otherwise—that in fact, Officer Trader "executed" the search without authorization. *See* ECF No. 73-1 ¶¶ 86. Based on the *complaint* facts, the Court will not reverse its prior decision regarding qualified immunity. Once discovery is concluded, however, Defendants may renew this argument on summary judgment.

Defendant MSP separately requests that the Court dismiss Count I as to the individual officers in their official capacities because an action brought against an officer in his official capacity is tantamount to suit against the agency itself. ECF No. 62 at 9–10. But simply because suit against the officers provides another path to liability as to the agency does not support dismissal. Clearly a plaintiff may plead and pursue alternative theories of liability. *See Polar Commc'ns Corp. v. Oncor Commc'ns, Inc.*, 927 F. Supp. 894 (D. Md. 1996) ("Parties may plead alternative theories of liability, indeed as many theories as the facts will fit."). That is all Plaintiffs have done. In bringing official capacity claims, Plaintiffs have preserved a respondeat superior theory of liability as to MSP. *See* ECF No. 72 at 12. Thus, claims against the individual MSP officers will proceed as pleaded.

MSP also argues that as to the constitutional claims, the named Defendants are immune from suit pursuant to the Eleventh Amendment to the United States Constitution.  ECF No. 62 at 10–11.  The Eleventh Amendment generally prohibits citizen suits against states or state agents in federal court.  U.S. Const. amend. XI.  Such protection extends to state officials as tantamount to actions brought against the State itself.  *Gibbons v. Gibbs*, 99 F.4th 211, 214 (4th Cir. 2024) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  But where, as here, the state consents to the removal of an action to federal court, "it voluntarily invoke[s] the federal court's jurisdiction," and thereby waives Eleventh Amendment protection.  *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620, 624 (2002) (("[T]he State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity.").  Therefore, MSP waived its Eleventh Amendment immunity when it consented to the removal of this action to federal court.  And since MSP consented to be sued in this Court, so, too, will its waiver extend to the named officers.  *See Gibbons*, 99 F.4th at 214.

MSP last argues that Plaintiffs fail to state a claim against the MSP officers in their individual capacities because "the Amended Consolidated Complaint is bereft of even a single allegation of any MSP employee doing an action that violated Plaintiffs' civil rights."  ECF No. 62 at 11.  Again, the Court denied dismissal when the officers had been pleaded as John Does. Naming the officers does not somehow render the claims insufficient as a matter of law.  As the Court previously concluded, discovery will most appropriately sus out each individual officer's role in the alleged unconstitutional search.  *Cf. J.A. v. Miranda*, No. PX 16-3953, 2017 WL 3840026, at *3 (D. Md. Sept. 1, 2017) ("[A]t the pleading stage, a plaintiff is not expected to possess complete knowledge of [each] defendant's alleged wrongful conduct but need only submit facts sufficient to plead a plausible claim for relief.").

9

Last, the County urges that the Court deny amendment because "Plaintiffs waited nearly three years before filing a lawsuit," then supposedly delayed propounding discovery and the filing of this motion. ECF No. 63 at 9. However, the delay in moving to amend does not equate to bad faith or dilatory motive. *Cf. Foman*, 371 U.S. at 182. Plaintiffs have complied with all Court-imposed deadlines and have timely sought extensions as necessary. Thus, "[i]n the absence of any . . . *undue* delay, bad faith or dilatory motive . . . the leave sought should, as the rules require, be 'freely given.'" *Id.* (emphasis added) (citing Fed. R. Civ. P. 15(a)).

## IV.    Conclusion

Plaintiffs' motion to amend the Consolidated Complaint to substitute John Doe officers for the named law enforcement officials is GRANTED. A separate Order follows.

June 14, 2024
Date

/s/
Paula Xinis
United States District Judge